United States District Court
Southern District of Texas
**ENTERED**
April 24, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALIM B. SHABANOV, § | |
| A#094586997, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-23-3136 |
| § | |
| WARDEN TATE, Montgomery § | |
| Processing Center, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Alim B. Shabanov (A#094587997), is a native and citizen of Russia who is in custody of United States Immigration and Customs Enforcement ("ICE") at the Montgomery Processing Center in Conroe, Texas. He has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued confinement while awaiting removal from the United States. Warden Randy Tate filed Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Respondent's Motion") (Docket Entry No. 10). The petitioner filed Petitioner's Opposition to Respondent's Motion to Dismiss ("Petitioner's Response") (Docket Entry No. 11) and Warden Tate filed Respondent's Reply in Support of Motion to Dismiss

Petition for Writ of Habeas Corpus ("Respondent's Reply") (Docket Entry No. 14). In an Order entered on March 14, 2024, the court converted the Respondent's Motion to a motion for summary judgment and granted both parties an opportunity to supplement the record pursuant to Fed. R. Civ. P. 12(d). See Order, Docket Entry No. 15, p. 8. Warden Tate has filed Respondent's Supplement in Support of Motion for Summary Judgment ("Respondent's Supplement") (Docket Entry No. 19). The petitioner has not filed a supplement and his time to do so has expired. After considering all of the pleadings, the exhibits, and the applicable law, the court will grant the Respondent's Motion and will dismiss this action for the reasons explained below.

## I.  Background

The petitioner has been in custody of immigration officials since October 1, 2022.[1] Officials encountered the petitioner at the Fort Bend County Jail on September 29, 2022,[2] where he was incarcerated following a conviction for burglary of a habitation, which resulted in a sentence of 737 days' confinement.[3]

---

[1]Petition, Docket Entry No. 1, p. 1 ¶ 2(a), p. 4 ¶ 11(a). For purposes of identification all page numbers refer to the pagination imprinted at the top of each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Record of Deportable/Inadmissible Alien, Exhibit 3 to Respondent's Motion, Docket Entry No. 10-3, p. 2.

[3]Judgment of Conviction by Court - Waiver of Jury Trial, Exhibit 4 to Respondent's Motion, Docket Entry No. 10-4, p. 1.

Immigration officials noted that the petitioner had several other previous arrests and convictions, including: (1) unauthorized use of a motor vehicle in 2017, resulting in a 60-day sentence; (2) manslaughter in 2018, resulting in a 4-year sentence; (3) unauthorized use of a motor vehicle in 2019, resulting in a 12-month sentence; and (4) theft in 2021, resulting in a 2-year sentence.[4] Officials concluded that the petitioner was subject to removal from the United States under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for having been convicted of a theft offense with a term of imprisonment of at least one year, which qualifies as an aggravated felony as defined under Section 101(a)(43)(G) of the INA.[5]

On February 10, 2023, an immigration judge concluded that the petitioner was removable based on his conviction for an aggravated felony.[6] Because the petitioner did not pursue an appeal, the removal order became final on March 13, 2023.[7]

On August 21, 2023, the petitioner filed his federal habeas corpus Petition under 28 U.S.C. § 2241, seeking relief from

---

[4]Record of Deportable/Inadmissible Alien, Exhibit 3 to Respondent's Motion, Docket Entry No. 10-3, p. 4.

[5]Id. at 3, 6.

[6]Order of the Immigration Judge, Exhibit 3 to Respondent's Motion, Docket Entry No. 10-3, p. 13.

[7]Declaration of Deportation Officer Tyson Owen ("Owen Declaration"), Exhibit 1 to Respondent's Motion, Docket Entry No. 10-1, p. 3 ¶ 21.

prolonged confinement while awaiting his removal.[8] He appears to argue that there is no prospect of removal and that his detention on an indefinite basis violates the Constitution.[9] He seeks immediate release from custody.[10]

The respondent argues that the petitioner is not entitled to relief because he cannot show that his removal is unlikely to occur in the reasonably foreseeable future.[11] In support, the respondent provides a sworn declaration from a deportation officer who explains that travel documents were requested from the Russian government to facilitate the petitioner's removal in 2023, but the process was taking longer than usual to complete because there was no physical copy of the petitioner's Russian passport.[12] On February 5, 2024, the Embassy of the Russian Federation advised immigration officials that it was ready to issue a travel document for the petitioner.[13] The deportation officer made arrangements for the petitioner to travel to Washington D.C. for an in-person

---

[8] Petition, Docket Entry No. 1, pp. 8, 9. The petitioner executed the Petition on August 21, 2023, and filed this proceeding with the assistance of counsel, who was granted leave to withdraw on April 4, 2024. See Order, Docket Entry No. 22.

[9] Petition, Docket Entry No. 1, p. 9.

[10] Id.

[11] Respondent's Motion, Docket Entry No. 10, pp. 7-12.

[12] Owen Declaration, Exhibit 1 to Respondent's Motion, Docket Entry No. 10-1, p. 4 ¶¶ 24-30.

[13] Addendum Declaration of Deportation Officer Tyson Owen ("Addendum to Owen Declaration"), Exhibit 6 to Respondent's Supplement, Docket Entry No. 19-1, p. 2 ¶ 8.

interview with Embassy officials and a "repatriation flight."[14] During the in-person interview, which occurred on March 12, 2024, the petitioner refused to sign the proffered travel document.[15] Because petitioner has refused to comply or cooperate with the removal process, the respondent argues that the petitioner cannot establish a constitutional violation or show that he is entitled to habeas corpus relief.[16] The parties' arguments are considered below under the applicable standard of review.

## II.  Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2021); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  Id.

---

[14] Id. at 3 ¶¶ 9-11.

[15] Id. at 3 ¶ 12.

[16] Respondent's Supplement, Docket Entry No. 19, pp. 2-6.

The respondent's motion for summary judgment must be considered in connection with the federal habeas corpus statutes.[17] See Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), abrogated on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004); see also Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). To prevail in a case governed by the federal habeas corpus statutes a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). It is the petitioner's burden to demonstrate that a constitutional violation has occurred. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)).

## III. Discussion

The petitioner notes that he has been in custody for over 180 days since the immigration court issued the removal order.[18] He

---

[17]Under the Rules Governing Section 2254 Proceedings in the United States District Courts ("Habeas Rules"), which also apply in habeas proceedings governed by 28 U.S.C. § 2241, the Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with the Habeas Rules or any statutory provision. See Rules 1(b) and 12 of the Habeas Rules.

[18]Petition, Docket Entry No. 1, p. 5 ¶ 12(g).

argues that he is entitled to relief from indefinite detention because there is no likelihood that he will be removed.[19] This claim rests on the Supreme Court's decision in Zadvydas v. Davis, 121 S. Ct. 2491, 2504-05 (2001), which requires an immigration detainee's release in certain circumstances after the expiration of a presumptively reasonable six-month period of detention when there is no prospect of removal in the foreseeable future.

Once a removal order becomes "final," the Attorney General has ninety days to effect an alien's departure from the United States. 8 U.S.C. § 1231(a)(1)(A); Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). Aliens shall be detained during the removal period. See 8 U.S.C. § 1231(a)(2). If an alien is not promptly removed within the removal period, then he may be eligible for supervised release until removal can be accomplished. See id. at § 1231(a)(3). Certain inadmissible or criminal aliens "may be detained beyond the removal period," or released under terms of supervision, while efforts continue. See id. at § 1231(a)(6).

In Zadvydas the Supreme Court held that the Fifth Amendment Due Process Clause does not permit indefinite detention lasting beyond six months past the ninety-day removal period found in § 1231(a). See Zadvydas, 121 S. Ct. at 2498, 2504-05. After the expiration of six months, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable

---

[19] Id. at 9.

future[.]" Id. at 2505. The alien bears the burden of proof in showing that no such likelihood of removal exists. Id. Once this has been shown the burden shifts to the government, which "must furnish evidence sufficient to rebut that showing." Id.

The government has presented evidence showing that the petitioner has actively frustrated his removal by refusing to cooperate with efforts to obtain a travel document.[20] Courts have held that an alien's refusal to cooperate with the removal process precludes a claim under Zadvydas. See Lema v. U.S. Immigration and Naturalization Service, 341 F.3d 853, 856 (9th Cir. 2003) ("[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien" is unlikely to meet the initial burden under Zadvydas.); see also Glushchenko v. United States Dep't of Homeland Security, 566 F. Supp. 3d 693, 709-11 (W.D. Tex. 2021) (rejecting a Zadvydas claim from a Russian detainee who willfully obstructed the removal process by refusing to sign travel documents during his in-person interview with consular officials). Under these circumstances, the petitioner fails to show that his continued detention violates his constitutional rights. See Hook v. Lynch, 639 F. App'x 229, 230 (5th Cir. 2016) (per curiam) (holding that an alien's failure to cooperate with efforts to remove him tolled the removal period).

---

[20]Addendum to Owen Declaration, Exhibit 6 to Respondent's Supplement, Docket Entry No. 19-1, p. 3 ¶ 12.

Because the petitioner does not establish a valid claim for relief, Respondent's Motion will be granted and the Petition will be dismissed.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 10) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Alim B. Shabanov (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties of record.

**SIGNED** at Houston, Texas, on this 24th day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE